

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed January 28, 2021**

_____
United States Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| James Martin Voss | * | CASE NO. 20-50226 |
| | * | |
| DEBTOR(S) | * | CHAPTER 13 |

### AGREED FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL

On this day came on to be heard James Voss' ("Debtor") Motion for Order Authorizing Use of Cash Collateral pursuant to §§ 105, 361, 363 and 364 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 4001. Subject to the terms and conditions set forth herein, including the (i) grant of mortgages, security interests, liens and claims for the benefit of secured creditors post petition which is co-extensive with Pre-petition liens and (ii) grant of mortgages, security interests, liens and claims in order to provide adequate protection to the secured creditors as more fully set forth herein, and upon the proceedings held before this Court and good and sufficient cause appearing therefore,

THE COURT HEREBY FINDS AND ORDERS:[1]

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M), and (O). Venue of the Chapter 13 Case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. As of the Petition Date, the Debtor and Kapitus, LLC ("Kapitus") were parties to a certain Future Receivables Factoring Agreement (ACH) dated June 18, 2020 "(Agreement" and together with the related documents including the Security Agreement and UCC-1, the "Existing Agreements") pursuant to which Kapitus provided $100,000 for the purchase of $125,000 in receivables of the Debtor (the "A/Rs").  The Debtor owes Kapitus at least $86,154.00 as of the Petition Date (the "Prepetition Debt"). Kapitus also asserts an ownership interest in the Debtor's receivables per the Agreement.

3. Pursuant to the Existing Agreements, the Debtor granted Kapitus a security interest in and lien upon all of the personal property assets of the Debtor as specified in the Security Agreement and UCC-1 (the "Prepetition Liens"), and which includes, inter alia:  (i) cash or cash equivalents on hand and on deposit and cash collections of the Debtor (ii) cash proceeds arising from the collection, sale, lease or other disposition, use or conversion of any of the pre-petition collateral; and (iii) accounts and accounts receivable arising from the goods sold or services rendered by the Debtor (collectively, the "Pre-Petition Collateral").

4. The Debtor and Kapitus acknowledge and agree that Kapitus holds a valid, perfected, enforceable, and unavoidable first priority lien on and security interest in and to the Pre-Petition Collateral.

5. The Debtor agrees and acknowledges that as of the Petition Date, there were no offsets, defenses, challenges, claims, or counterclaims of any kind or nature to any portion of the Prepetition Debt, and no portion of the Prepetition Debt is subject to avoidance,

---

[1] Each finding of fact more appropriately considered a conclusion of law is so deemed; each conclusion of law more appropriately considered a finding of fact is so deemed.

recharacterization, or subordination (contractual, equitable or otherwise) pursuant to the Bankruptcy Code or applicable non-bankruptcy law.

6. The Debtor agrees and acknowledges that all of, inter alia, the receivables and cash proceeds generated from the operation of the Debtor's business and the Debtor's inventory constitutes income, proceeds, products, rents, and/or profits of the Pre-Petition Collateral and constitutes "cash collateral" within the meaning of Bankruptcy Code § 363(a) (collectively, the "Cash Collateral").

7. The Debtor further agrees that Kapitus has a first priority perfected lien and security interest in the Cash Collateral in accordance with Bankruptcy Code §§ 361, 363(a) and 552(b).

8. Pursuant to Bankruptcy Code § 363(c)(3), the Debtor requires the consent of Kapitus or an Order of the Bankruptcy Court to use the Cash Collateral.

9. The Debtor cannot meet its ordinary operating expenses or maintain and preserve its business as a going concern business without the use of the Cash Collateral.

10. The Debtor reasonably believes that the value of Debtor's estate will be maximized by the continuation of Debtor as a going concern business, and the use of Cash Collateral is essential to the continuation of operations.

11. Kapitus is entitled to receive adequate protection in respect of the Debtor's use of the Pre-Petition Collateral to compensate for any decline in the value thereof resulting from (a) the use of the Cash Collateral, and (b) the use, sale, lease, or depreciation or other diminution in value of the Pre-Petition Collateral (the amount of any such diminution being referred to hereinafter as the "Adequate Protection Obligations").

12. The terms for the Debtor's use of Cash Collateral have been negotiated in good faith and at arm's length, and reflect the Debtor's exercise of prudent business judgment.

13. Replacement Post-Petition Liens. As security for the use of its Cash Collateral permitted to be used hereunder by the Debtor, Kapitus is hereby granted valid, binding,

enforceable, and perfected liens (the "Post-petition Liens") co-extensive with their pre-petition liens in all currently owned or hereafter acquired property and assets of the Debtor, of any kind or nature, whether real or personal, tangible or intangible, wherever located, now owned or hereafter acquired or arising and all proceeds and products, including, without limitation, all cash, goods, accounts receivable, inventory, general intangibles, deposit accounts, machinery, equipment.  To be clear, such liens granted to Kapitus shall have the same validity, extent and priority as they existed prior to the filing of the instant bankruptcy case.

14.     Adequate Protection Payments. As adequate protection in accordance with Section 363(e) of the Bankruptcy Code, the Debtor shall pay to Kapitus, and the other creditors described therein, the adequate protection payments described in the Authorization For Adequate Protection Disbursements [ECF 7]

15.     Adequate Protection Liens. As adequate protection for Kapitus's interests in the Prepetition Collateral, and to the extent that the Cash Collateral is utilized by the Debtor, for the purposes of providing adequate protection within the meaning of Bankruptcy Code §§ 361 and 363, Kapitus is hereby granted (effective and perfected to the extent of pre-petition liens as of the Petition Date and without the necessity of the execution, recording or filing of mortgages, security agreements, pledge agreements, financing statements, deposit control agreements, or other documents) valid and perfected replacement security interests (to the extent of pre-petition security interests) in, and liens on (the "Adequate Protection Liens"), the same type of post-petition assets in which Kapitus holds valid and perfected liens prior to the Petition Date and all cash or other proceeds generated post-petition by its Pre-Petition Collateral (the "Collateral") to the same extent, validity and priority as existed on the Collateral.  The Adequate Protection Liens shall constitute perfected liens on all of the Collateral as to which Kapitus held a valid and perfected lien as of the Petition Date to the same extent, validity and priority as existed on the Collateral.  Kapitus's liens against the Debtor's Cash Collateral shall extend to any account holding such Cash Collateral, regardless of whether Kapitus has control over such

account, and encumbers any Cash Collateral held in debtor-in-possession accounts required by applicable law.

16. <u>Perfection of Adequate Protection Liens</u>. This Order shall be sufficient and conclusive evidence of the validity, perfection, and priority of the Adequate Protection Liens, to the extent consistent with pre-petition liens, without the necessity of filing or recording any mortgage, financing statement or other instrument or document which may otherwise be required under the law or regulation of any jurisdiction or the taking of any other action to validate or perfect (in accordance with applicable law) the Adequate Protection Liens, or to effect the priorities acknowledged and/or granted herein. The Debtor is authorized and directed to execute and deliver promptly to Kapitus any such mortgage, financing statement or other instrument or document as Kapitus may reasonably request. Kapitus may file photocopies of this Order as a financing statement or mortgage with any filing or recording office or with any registry of deeds or similar office, in addition to or in lieu of such financing statement, notices of lien, mortgage or similar instrument.  In no way does this order or any provision herein prevent the Debtor for contesting the validity and perfected status of any pre-petition liens.

17. <u>Rights Reserved</u>.  Notwithstanding all terms to the contrary stated herein, this Order expressly reserves, and shall not be construed in any way as a waiver or relinquishment of, any rights or remedies, expressly or implicitly, that Kapitus may have at law and in equity, including but not limited to:  (i) under the existing financing documents;   (ii) Kapitus's right to seek any other or supplemental relief in respect of the Debtor, including the right to seek additional adequate protection or restriction on Cash Collateral (without prejudice to any other person's right to object to or otherwise oppose such additional adequate protection or restriction on Cash Collateral); (iii) Kapitus's right to object to impermissible use of Cash Collateral; (iv) Kapitus's agreement, consent, or acquiescence to the terms of any plan by virtue of any term or provision of this order; (v) Kapitus's right to assert any other rights, remedies, or defenses available to it to respond to any motion, application, proposal, or other action, all such rights,

remedies, defenses, and opportunities to respond being specifically reserved by Kapitus; (vi) the rights of Kapitus with respect to the Debtor's sale of its accounts receivables; (vii) Kapitus's agreement, consent, or acquiescence to the terms of any plan of reorganization or treatment of its claim by virtue of any term or provision of this order; (viii) any of the rights or remedies of Kapitus under the Bankruptcy Code or under non-bankruptcy law, including, without limitation, (a) the right to request modification of the automatic stay of Bankruptcy Code § 362, (b) the right to request dismissal of this chapter 13 case; (c) all rights and remedies under the Uniform Commercial Code; and (d) all rights and remedies under the Federal Arbitration Act, 9 U.S.C. §1 *et seq.* and any other applicable law. The Debtor reserves the right to object to the payment of default interest, and any portion of Kapitus's attorney's fees and expenses that the Debtor, in good faith, believes are not reasonable provided, however, nothing herein shall be construed to impair Kapitus's rights to seek the payment of default interest and the payment of their attorney's fees and expenses from the Debtor. Nothing herein contained shall prejudice the right of Kapitus to seek modification, extension, or termination of this order.

18. The automatic stay under Section 362(a) of the Bankruptcy Code shall be, and it hereby is, modified to the extent necessary to permit Kapitus to retrieve, collect and apply payments and proceeds in respect of the Pre-petition Collateral and Post-petition Collateral in accordance with the terms and provisions of this Order.

19. The provisions of this Order shall be binding upon and inure to the benefit of Kapitus and the Debtor. However, nothing herein shall prevent Kapitus from seeking any form of relief under the Bankruptcy Code.

20. Debtor has alleged that on Deck Capital, Inc. has a 2nd lien position on the Pre-Petition Collateral. However, On Deck Capital, Inc. has failed to respond to the relief requested by Debtor. To the extent that On Deck Capital, Inc. has a secondary lien against any cash collateral, Debtor is hereby authorized to use said collateral to support his business operations. As adequate protection, in accordance with Section 363(e) of the Bankruptcy Code, the Debtor

shall pay to On Deck Capital, Inc. the adequate protection payments described in the Authorization For Adequate Protection Disbursements [ECF 7]

# # # End of Order # # #

Agreed:

_____
**Charles M. Rubio**
Charles M. Rubio P.C.
Partner
**Parkins Lee & Rubio LLP**
50 Main Street, Suite 1000
White Plains, NY 10606
Direct: 212-763-3331
Mobile: 646-419-0181
crubio@parkinslee.com
**Counsel for Kapitus, LLC**


Order prepared by:

Sam C. Gregory, PLLC
SBN 00792547
2742 82nd Street
Lubbock, Texas 79423
Phone: (806) 687-4357
Fax:   (806) 687-1866
E-mail: sam@samcgregory.com