Robert B. Wilson
Chapter 13 Trustee
1407 Buddy Holly Avenue
Lubbock, TX  79401-9401
(806)748-1980 Phone
(806)748-1956 Fax

### IN THE UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF TEXAS
### LUBBOCK DIVISION

IN RE:  
JAMES MARTIN VOSS

CASE NO:  20-50226

## INITIAL REPORT PURSUANT TO 11 U.S.C. §1302(c)

### SUMMARY OF RECOMMENDATION

After review of the Debtor's profit and loss statements, inspection of the Debtor's business and considering the performance of the plan payments, it is the recommendation of the Standing Trustee that the Debtor's business continue operating to fulfill Debtor's Plan.

### TRUSTEE'S REPORT

Comes Now, Robert B. Wilson, Chapter 13 Trustee and hereby submits his initial report pursuant to 11 U.S.C. §1302(c) and would show as follows:

### BANKRUPTCY FILINGS OF DEBTORS

1. The Debtor filed a Chapter 13 petition in this case on November 25, 2020.  After a review of the Debtor's Statement of Financial Affairs and Schedules, examination of the Debtor and reviewing the business case definition pursuant to 11 U.S.C. §1304(a), the Trustee determined that this case is a business case.

### BUSINESS OF DEBTORS

2. The Debtor, James Martin Voss, owns and operates Post Plumbing, Heating & Air Conditioning installing and servicing heating, cooling, and plumbing systems in and around Post, Texas.  His business is a sole proprietorship and appears to be profitable.

## PLAN PAYMENTS TO DATE

3. The Debtor has paid into his Chapter 13 Plan $36,000.00 in monthly Plan payments since November 25, 2020. The Debtor's Chapter 13 Plan allows for a 60 month Plan for a total Plan base of $720,000.00.

## INFORMATION PROVIDED BY DEBTORS

4. The Trustee's office mailed to the Debtor, with a copy to their attorney, a letter requesting business case related documentation. This letter requested the Debtor submit to the Standing Trustee a completed business case questionnaire, twelve-month cash flow projection, copies of last year's tax return, verification of insurance and monthly operating reports. The Trustee's office has received the required business case documentation.

## BOOKS AND RECORDS OF DEBTORS

5. It appears that the Debtor's monthly earnings are fairly consistent from month to month. The Debtor is current on the Plan payment and is determined to make every effort possible to succeed. To the Trustee's knowledge, no inquiry or audit process has been initiated by the IRS with regard to Debtor's tax returns. The Debtors have been paying their Chapter 13 plan payment directly to the Standing Trustee.

## CONCERNS OF THE TRUSTEE

6. Of concern to the Trustee is the Debtors' ability to keep current on monthly plan payments as revenue can fluctuate based on the weather, the state of the economy, and the customer's ability to timely pay for services rendered. Mr. Voss has maintained this type of business since 1992 and has thus far remained current on the plan payments to the Trustee. They are well aware of the serious nature of this situation and are making every effort to keep current.

## PERCENTAGE PAYBACK

7. At the time of confirmation, the calculated dividend to unsecured creditors was 100% or $287,506.27 to timely filed unsecured claims. The Debtors' Chapter 13 Plan provides for attorney fees, numerous vehicles, various business equipment, and direct payment of FFM&E taxes and an economic injury disaster loan. This case is a below median income case and the Debtors' equity in non-exempt property is less than $119,572.65.

## LIQUIDATION ANALYSIS

8. From a liquidation stand point, it appears that the Debtor is paying into their Plan an amount that is more than that which would be available to the unsecured creditors if they liquidated under Chapter 7. The amount to be paid under the Chapter 13 Plan to unsecured creditors is $287,506.27 of all timely-filed and allowed claims. There would be $119,572.65 available for distribution to unsecured creditors if they liquidated under Chapter 7.

## ADDITIONAL INFORMATION

9. It appears to the Trustee, that the Debtor's business is fully operational and is being conducted as is reflected in the schedules and business case questionnaire.

## FRAUD CONSIDERATIONS

10. No information has come to the knowledge of the Trustee which would indicate any fraud by the Debtors in the operation of their business.

## RECOMMENDATION OF TRUSTEE

It appearing that after investigation of the Debtors business as required by 11 U.S.C. §1302(c) (incorporating 1106(a)(3) and (4)) there is a desirability in continuing such business to complete the payments in Debtor's Chapter 13 Plan as confirmed.

DATED: March 25, 2021

Respectfully submitted,

/s/ Robert B. Wilson
Robert B. Wilson, Bar # 21715000
Chapter 13 Trustee
Marc McBeath, Bar # 13328600
Staff Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing INITIAL REPORT PURSUANT TO 11 U.S.C. §1302(c) was served on the following parties electronically or at the addresses listed below by U.S. First Class mail on March 25, 2021.

JAMES MARTIN VOSS, P.O. BOX 429, POST, TX 79356
JEFFREY S FRASER, ALBERTELLI LAW FIRM, PO BOX 23028, TAMPA, FL 33623
SAM C. GREGORY, 2742 82ND STREET, LUBBOCK, TX 79423

Date: 03/25/2021                    /s/ Robert B. Wilson
                                    Robert B. Wilson, Bar # 21715000
                                    Chapter 13 Trustee
                                    Marc McBeath, Bar # 13328600
                                    Staff Attorney